UNITED STATES *v.* ALEX. MURPHY & CO. (No. 3100)[1]

United States Court of Customs Appeals, November 30, 1928

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter* and *Oscar Igstaedter,* special attorneys, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument October 12, 1928, by Mr. Igstaedter and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The issues in this case involve the proper classification of goods referred to in the appraiser's report as "shoe buckles." The appraiser's report, which was introduced in evidence, is as follows:

The merchandise, subject of protest, consists of certain shoe buckles of an ornamental character, composed of metal and imitation precious stones, valued at over 20 cents per dozen pieces, and was advisorily classified under the provisions of paragraph 1428 of the Tariff Act of 1922 at the rate of 80 per centum.

The merchandise is of the same general character as that under consideration in *United States* v. *Saks,* 13 Ct. Cust. Appls. 367, T. D. 41259, and in *United States* v. *I. Miller & Sons,* 16 Ct. Cust. Appls. 374, T. D. 43094, except that the so-called shoe buckles in the instant case are silver plated and set with imitation precious stones, while in the *Saks* case, *supra,* the buckles were ornamented with beads, and in the *Miller* case, *supra,* the buckles were enameled and composed in part of a base metal. In both above-cited cases, it was held that the merchandise was not shoe buckles within the common meaning of the term. In this case, unlike the *Miller* case, no attempt was made to prove commercial designation.

We think the issues of this case are controlled by the decisions of the two above-cited cases and that the assessment for duty by the collector under paragraph 1428 of the Tariff Act of 1922 at 80 per centum ad valorem was not shown to have been incorrect, and that the protest should have been overruled.

[1] T. D. 43132.

Other claims were made in the protest, which were not urged before this court, and, on account of their lack of merit, will not be given detailed consideration here, since it is at once apparent that if the goods are not dutiable as shoe buckles they are more aptly, definitely and specifically described in paragraph 1428 than in any of the claimed paragraphs.

Upon the authority of the two above-cited cases, the judgment of the United States Customs Court herein is *reversed* and the cause *remanded* for further proceedings not inconsistent with the views herein and therein expressed.